Tobin Don LEMMONS, also known as Everett Melson, Plaintiff–Appellant,

v.

LAW FIRM OF MORRIS AND MORRIS; Fred V. Monochello; and Denise Graham, Defendants–Appellees.

No. 94–5048.

United States Court of Appeals, Tenth Circuit.

Nov. 1, 1994.

---

Submitted on the briefs: *

Tobin Don Lemmons, pro se.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

McKAY, Circuit Judge.

While incarcerated in an Oklahoma jail, Mr. Lemmons, with the aid of Mr. Monochello and his law firm of Morris & Morris, brought a workers' compensation claim against his former employers. Mr. Lemmons commenced his action in November 1989. On two occasions, January 15, 1991 and April 29, 1991, the judge before whom Mr. Lemmons's case was pending granted a writ of habeas corpus ad testificandum to allow Mr. Lemmons to testify on his own behalf. On each occasion, Assistant District Attorney Denise Graham of Tulsa County intervened and prevented the execution of the writ. Mr. Lemmons's case has remained in stasis during the intervening three years.

Mr. Lemmons, perceiving a deprivation of his constitutional rights, has brought this action under 42 U.S.C. § 1983 against Morris & Morris and Ms. Graham (both personally and in her official capacity) in an effort to vindicate those rights. In addition, Mr. Lemmons sued Morris & Morris and Mr. Monochello for malpractice. The district court granted Mr. Lemmons leave to proceed in forma pauperis, but then, on its own motion, dismissed the case under 28 U.S.C. § 1915(d) as frivolous. The court ruled that Mr. Lemmons could not establish federal jurisdiction to litigate his malpractice action. The court further held that neither Mr. Monochello nor Morris & Morris qualified as state actors within the meaning of § 1983. Lastly, the district court concluded that Mr. Lemmons's action against Ms. Graham was barred either by prosecutorial immunity or, alternatively, that Mr. Lemmons had failed to claim a violation of a constitutional or federal right sufficient to implicate § 1983.

■ We affirm the dismissal of Mr. Lemmons's claims against Morris & Morris and Mr. Monochello. Mr. Lemmons may be able to state a malpractice claim under Oklahoma law, but that claim does not constitute a federal case. The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983. *See, e.g., Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir.1990). Lastly, no grounds exist for the exercise of diversity jurisdiction.

Construing Mr. Lemmons's pro se pleading liberally, *see Hall v. Bellmon,* 935 F.2d 1106 (10th Cir.1991), Mr. Lemmons asks for injunctive relief that would prohibit Ms. Graham or her successors from interfering with the execution of future writs of habeas corpus ad testificandum. Mr. Lemmons also seeks monetary damages from Ms. Graham for the violation of his constitutional rights of due process and access to the courts. More generally, Mr. Lemmons asks for the court's assistance in allowing him to prosecute his five-year-old workers' compensation case.

■ The district court ruled as a matter of law that Ms. Graham's actions fell within the protective cloak of absolute prosecutorial immunity. We disagree. "[T]he actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons,* —— U.S. ——, ——, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). Absolute immunity shields only those activities that can be characterized as " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell,* 920 F.2d 673, 686 (10th Cir.1990) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)), *cert. denied sub nom., Swepston v. Snell,* 499 U.S. 976, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991). Administrative or investigative functions are protected only by qualified immunity. *Buckley,* —— U.S. at ——, 113 S.Ct. at 2613–17 (1993); *see also DiCesare v. Stuart,* 12 F.3d 973, 977 (10th Cir.1993).

■ Upon this record, it is impossible for us to characterize Ms. Graham's actions as "prosecutorial" in nature. The state had successfully completed Mr. Lemmons's prosecution months before. Ms. Graham has not suggested that any new prosecutorial duties had arisen with respect to Mr. Lemmons. When Ms. Graham intervened to forestall the execution of the writ of habeas corpus, she, at best, acted pursuant to an administrative duty assigned to her office. Her position therefore accorded her only qualified immunity.

■ Qualified immunity shields government officials from suit *for damages* "insofar

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Hilliard v. City and County of Denver,* 930 F.2d 1516, 1518–19 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 656, 116 L.Ed.2d 748 (1991); *Dixon v. Richer,* 922 F.2d 1456, 1459–60 (10th Cir.1991). The defendant must raise the defense; the burden then shifts to the plaintiff to demonstrate that immunity is unwarranted. *See Hilliard,* 930 F.2d at 1518–19; *Dixon,* 922 F.2d at 1459–60.

■■■ Neither the District Attorney's Office nor Ms. Graham has pled the defense of immunity. Irrespective of the impact of qualified immunity upon Mr. Lemmons's claim for damages, neither qualified *nor absolute* immunity precludes prospective *injunctive relief* except in rare circumstances not relevant here. *See, e.g., Pulliam v. Allen,* 466 U.S. 522, 536–42, 104 S.Ct. 1970, 1978–81, 80 L.Ed.2d 565 (1984); *Supreme Court of Virginia v. Consumers Union of America, Inc.,* 446 U.S. 719, 730–37, 100 S.Ct. 1967, 1973–77, 64 L.Ed.2d 641 (1980); *see also* Paul M. Bator et al., *Hart and Wechsler's The Federal Courts and the Federal System* 1173–94, 1249–58, 1303–07 (3d ed. 1988). A prosecutor may not simply raise the shield of official immunity and continue to act in an unconstitutional manner without fear of judicial orders to the contrary. *See Consumers Union,* 446 U.S. at 737, 100 S.Ct. at 1977 ("If prosecutors and law enforcement personnel cannot be proceeded against for declaratory relief, putative plaintiffs would have to await the institution of state-court proceedings against them in order to assert their federal constitutional claims. This is not the way the law has developed...."). A plaintiff may therefore seek injunctive relief to guard against continuing (or future) governmental misconduct. *See id.* at 736, 100 S.Ct. at 1977 ("Prosecutors ... are natural targets of § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law."). As Mr. Lemmons in fact asks for such relief, assertions of immunity, even if valid, cannot dispose of his complaint.

The district court also concluded that Mr. Lemmons's action lacked a non-frivolous basis in law because a prisoner has no right to attend trial of her or his civil action. While we accept the accuracy of the law upon which the district court relied, we believe that the district court misconceived the essence of Mr. Lemmons's complaint and consequently disposed of Mr. Lemmons in an overly summary manner. Mr. Lemmons's case does not hinge upon the existence (or nonexistence) of a general constitutional right to attend his civil trial. The writ of habeas corpus ad testificandum granted by the Workers' Compensation Court in and of itself gave Mr. Lemmons the legal right to appear in court. Rather, Mr. Lemmons contends that Ms. Graham, by obstructing the execution of that writ, effectively denied him "meaningful" access to the courts and unlawfully deprived him of the writ's effect. Thus, the interference itself forms the gravamen of his complaint.

■■■ Dismissal under § 1915(d) rests with the sound discretion of the district court. *See Shabazz v. Askins,* 980 F.2d 1333 (10th Cir.1992). Nonetheless, the barrier erected by § 1915(d) is not unduly high. To avoid dismissal, Mr. Lemmons need not make out a perfect case. *See Neitzke v. Williams,* 490 U.S. 319, 326–29, 109 S.Ct. 1827, 1832–34, 104 L.Ed.2d 338 (1989) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, ... dismissal on the basis of frivolousness is not [appropriate]."). It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations. *See id.* at 328–29, 109 S.Ct. at 1833–34 (noting that speculative claims often implicate important questions of law and cannot therefore be deemed "frivolous"). Nothing in the record contradicts Mr. Lemmons's otherwise plausible account of the facts of this case. Hence, if Mr. Lemmons can set forth arguable legal grounds for relief, then his cause of action may not properly be dismissed as frivolous under § 1915(d) *"even if the legal basis underlying the claim ulti-*

*mately proves incorrect."* *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir.1991) (emphasis added).

We cannot agree that Mr. Lemmons's arguments are so lacking in legal merit as to be deemed frivolous within the meaning of § 1915(d). The Constitution indisputably guarantees Mr. Lemmons "adequate, effective, and meaningful" access to the courts to assert civil causes of action. *Bounds v. Smith,* 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977); *see also Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir.1990) (characterizing right of access to courts as fundamental constitutional right); *Love v. Summit County,* 776 F.2d 908, 911 (10th Cir.1985), *cert. denied,* 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2d 25 (1986).

The Workers' Compensation Court of Oklahoma, in its sound discretion, exercised this extraordinary power to release (albeit temporarily) Mr. Lemmons from confinement and permit him to testify on his own behalf. We will presume—in the absence of any evidence or argument to the contrary—that the Oklahoma court granted the writ of habeas corpus because it judged Mr. Lemmons's presence to be a vital component of his case. Certainly, the record indicates that the case has progressed little in the three years since the second writ issued—an observation which buttresses the conclusion that Mr. Lemmons's presence at trial may be required if he is to have "effective" or "meaningful" access to the courts. *Compare Johnson v. Scott,* 702 P.2d 56, 58–59 (Okla.1985) (authorizing extra-statutory discovery methods to allow prisoner to bring "meaningful" small claims action).

The writ of habeas corpus ad testificandum, moreover, manifests a legal determination to allow a prisoner to testify. Thus, a petitioner's due process right to have the writ executed according to law necessarily encompasses an actual right of physical access to the relevant court. The record identifies no idiosyncracies of Oklahoma law that limit the efficacy of that state's writ of habeas corpus in general or the powers of the Workers' Compensation Court in particular. That court, which twice issued writs of habeas corpus ad testificandum on Mr. Lemmons's behalf, certainly believed that such measures lay within its power. It is therefore at least arguable to equate obstruction of the writ—itself necessary to ensure fruitful access to the courts and itself an embodiment of a right of access—with the actual denial of access. *Compare id.* (failure to provide alternative means for prisoner to present case would itself violate due process).

More fundamentally, the writ itself, once granted, realizes a prisoner's right to be free from confinement. As previously noted, we do not apprehend the legal basis that enables an assistant district attorney to disregard a writ of habeas corpus. The record does nothing to enlighten us in this respect. We again find it at least arguable that continued imprisonment of a petitioner in the face of a validly issued state writ of habeas corpus, in the absence of any justification or excuse, violates a prisoner's constitutional rights.[1]

We recognize that frivolous in forma pauperis suits—particularly those directed at public officials—harass their targets and clog the judicial system. *See Neitzke,* 490 U.S. at 324–26, 109 S.Ct. at 1831–32. A district court is therefore given discretion under § 1915(d) to dismiss those suits that it deems legally or factually frivolous. This power is not unlimited, however. An in forma pauperis plaintiff, no less than a party who pays court costs, can state claims based upon facts that are in dispute or legal theories that are as yet speculative. *See id.* at 329–30, 109 S.Ct. at 1834. Factual allegations need merely be plausible, and legal bases must only hold some arguable merit.

Neither Ms. Graham nor the District Attorney's Office of Tulsa County responded to Mr. Lemmons's complaint. They have likewise failed to submit a brief to this court. They have not disputed Mr. Lemmons's factual allegations. They have not attacked the validity of his legal arguments, nor offered

---

1. Unlawful retention of a petitioner in prison would certainly give rise to a valid constitutional claim. We note that Okla.Stat.Ann. tit. 21 §§ 835, 836 (West 1983) criminalize actions that perpetuate, without lawful excuse, the incarceration of a prisoner in defiance of a writ of habeas corpus.

legal arguments of their own. They have not invoked the doctrine of official immunity. They have not pled Oklahoma state law as a defense or justification of the (successful) effort to prevent execution of a judicial writ of habeas corpus. We therefore accept as true all of the plausible factual allegations made by Mr. Lemmons. After a review of the record—which contains copies of the writs issued by the Workers' Compensation Court—we find none of these allegations to be implausible.

Two writs of habeas corpus ad testificandum, each valid on its face, were granted on Mr. Lemmons's behalf. These writs were, in effect, quashed and Mr. Lemmons remained in confinement. Three years later, and five years after initial filing, Mr. Lemmons's workers' compensation case has yet to proceed to trial. It may be that Ms. Graham possessed sufficient authority to ignore a writ of habeas corpus issued by the Workers' Compensation Court; if so, we are unable to divine that authority from this record. In light of the above, we cannot say that Mr. Lemmons's two constitutional claims—denial of access to the courts and violation of due process—are without arguable merit. The dismissal under § 1915(d) of Mr. Lemmons's case against Ms. Graham and the District Attorney's Office of Tulsa County therefore constituted an abuse of discretion. We reverse that aspect of the district court's decision, and remand for further proceedings not inconsistent with this opinion.

We AFFIRM the dismissal of Mr. Lemmons's action against Morris & Morris and Mr. Monochello. We AFFIRM the district court's decision to allow Mr. Lemmons to proceed in forma pauperis. We REVERSE the district court's decision to dismiss Mr. Lemmons's action against Ms. Graham and the District Attorney's Office of Tulsa County, and REMAND.