42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald R. ERNST, Plaintiff-Appellant,
v.
Donna THURLOW, Defendant-Appellee.
 No. 94-1251.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se civil rights action brought pursuant to 42 U.S.C.1983. Plaintiff-appellant Ronald R. Ernst, proceeding in forma pauperis, seeks monetary damages from defendant Donna Thurlow, the time computation manager for the Colorado Department of Corrections, claiming that she failed to subtract earned time credits from his sentence, with the result that he served a one year and one day prison sentence, instead of a one-year prison sentence. The district court referred the case to a magistrate judge, who recommended dismissal of the complaint as frivolous, under 28 U.S.C.1915(d). The court adopted the magistrate's recommendation and dismissed the complaint. We affirm.
 
 
 3
 We have had difficulty ascertaining the facts of this case. Mr. Ernst's brief makes a number of assertions, but Ms. Thurlow has not filed a brief. From our review of the sparse record in this case, we glean the following: Mr. Ernst was sentenced in 1987 to a one-year prison term for a bond violation. He asserts that the sentence commenced on December 1, 1987, and that he received credit for one day of presentence confinement.
 
 
 4
 He further claims that the Time Computation Division of the Department of Corrections credited him with 35 days of earned time, pursuant to Colo.Rev.Stat. 17-22.5-302, but failed to deduct this earned time from his sentence. Mr. Ernst states that he completed his sentence on November 30, 1988. It is unclear from the record whether Mr. Ernst remained in prison pursuant to some other sentence of confinement, following the claimed completion of his sentence for the bail bond violation.[2] He further claims that he remained in prison until December 1, 1988, which means he served one year and one day in prison for a one-year prison sentence. He alleges that it was Ms. Thurlow's failure to award him the earned time credits that resulted in the unlawful extension of his sentence.
 
 
 5
 The district court dismissed his claims, agreeing with the magistrate judge's statement that "[t]o the extent Mr. Ernst may have been held one day too long on his one year sentence, his damages are de minimis. Mr. Ernst has not alleged that he has suffered any significant harms as a result of the alleged one day extension of his sentence." Recommendation at 2, R. Vol. I, Tab 7. It also rejected his arguments relating to earned time credits, holding that, under Colorado law, Mr. Ernst had no right to be released before he had served his full one-year sentence, no matter how many earned time credits he had, and that the denial of earned time credits violated no constitutional right, given the broad discretion vested in state officials under Colorado law to grant or deny such credits.
 
 
 6
 We review the district court's dismissal of a complaint under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Shabazz v. Askins, 980 F.2d 1333 (10th Cir.1992). A claim is frivolous when it is "based on an indisputably meritless legal theory" or when its factual allegations are "clearly baseless." Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir.1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Because Mr. Ernst proceeds pro se, we construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark v. Solano, 928 F.2d 947, 948 (10th Cir.1991).
 
 
 7
 We agree with the district court that Mr. Ernst's claim that his constitutional rights were violated by the failure to reduce his sentence because of earned time allegedly withheld is meritless. There is no general constitutional right to good time or earned time credit. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). A protected liberty interest in earned time may nonetheless arise where a state statute mandates the award of earned or good time credits, and prison officials lack discretion in awarding it. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Lustgarden v. Gunter, 966 F.2d 552, 554-55 (10th Cir.), cert. denied, 113 S.Ct. 624 (1992). As the magistrate judge acknowledged, such is not the case with Colorado's earned time statutes. Colorado Revised Statute 17-22.5-405 provides that "[e]arned time, not to exceed ten days for each month of incarceration or parole, may be deducted from the inmate's sentence...." The language is clearly discretionary, and it therefore creates no entitlement or liberty interest in earned time credits. See Duncan v. Gunter, 15 F.3d 989, 992 (10th Cir.1994). The decision whether to parole an inmate earlier for time earned in prison is similarly within the discretion of the Colorado parole board, and confers no constitutional right to early release for prisoners like Mr. Ernst. See Thiret v. Kautzky, 792 P.2d 801, 804-05 (Colo.1990).
 
 
 8
 Mr. Ernst further suggests that earned time credits actually granted were somehow taken away, and that this violated certain Colorado statutes. His argument is vague, and his statutory references are unclear, but we find neither statutory nor record support for his allegation that credits were granted and vested and then impermissibly removed.
 
 
 9
 Finally, Mr. Ernst challenges the district court's dismissal of his complaint alleging an impermissible one-day extension of his prison term on the ground that such a claimed injury is de minimis. While we have recently acknowledged that some violations can indeed be de minimis, see Artes-Roy v. City of Aspen, 31 F.3d 958, 962-63 (10th Cir.1994), we are reluctant to conclude that any added time spent in prison would be de minimis, no matter how short in duration. However, Mr. Ernst's claim against Ms. Thurlow for the added day of prison time faces a more fundamental problem. We have held that Ms. Thurlow committed no section 1983 violation in somehow contributing to Mr. Ernst's failure to be released earlier than upon completion of his one-year sentence. Not only does Mr. Ernst present no record support for his claim that he did in fact serve the extra day in prison, he makes no attempt to explain how Ms. Thurlow's alleged computational error resulted in his serving a sentence longer than he claims was ever imposed. While we must construe his complaint liberally, his factual and legal allegations must at least be plausible. See Lemmons v. Morris, No. 94-5048 1994 WL 593276 (10th Cir. Nov. 1, 1994). Mr. Ernst's are not.
 
 
 10
 We therefore conclude that the district court did not abuse its discretion in dismissing Mr. Ernst's complaint.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Ernst is no stranger to this court, having filed numerous appeals from various district court rulings. Among them was another appeal involving section 1983, in which he claimed that the Executive Director of the Colorado Department of Corrections and the Chairman of the Colorado Board of Parole violated his constitutional rights "by failing to release him from custody on December 13, 1989 ... following his guilty plea in May 1985 for a sex offense." Ernst v. Gunter, 1993 WL 436833 * * 1 (10th Cir., Oct. 29, 1993)
 Additionally, the magistrate judge observed that Mr. Ernst's "allegations in this case appear to conflict with allegations Mr. Ernst made in another suit filed with this court, Ernst v. Thurlow, Peoples & Enright, 93-F-2631 [in which] Mr. Ernst challenged the sentence calculation applied to a two year sentence he received in November 1987, and alleged detailed facts concerning the dates he was held in prison, and the dates he was released." Recommendation at 2, R. Vol. I, Tab 7.
 These statements suggest, although they do not establish, that Mr. Ernst may indeed have remained in prison on another sentence when he claims his bail bond violation sentence terminated. However, in response to court-ordered interrogatories, Mr. Ernst stated that "[t]he sentence on the bond violation did not run concurrently with any other sentence. The parent sentence that formed this case, was overturned by the district court, thereby leaving this sentence to be served." Answers to Court-Ordered Interrogatories, R. Vol. I, Tab 5.
 We simply cannot tell Mr. Ernst's whereabouts following the alleged completion of his bail bond violation sentence.