60 F.3d 838
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie James WASHINGTON, Plaintiff-Appellant,
and
Pervis PRICE, III; Leon Griffin; James Rontez, and on
behalf of all the inmates at Southern New Mexico
Correctional Facility, who are similarly
situated, et al., Plaintiffs,
v.
Donald A. DORSEY, Warden; Lupe M. Marshall, Associate
Warden; Art Zamora, Recreation Director; Bill Cogdill;
Joe Curry, Educational Library Director; Jointly and
severally liable and in their individual and official
capacities; New Mexico, State of, Defendants-Appellees.
 No. 95-2081.
 D.C. No. CIV-95-0059.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 BARRETT, Senior United States Circuit Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Willie James Washington (Washington), appearing pro se and in forma pauperis, appeals from an order of the district court dismissing, sua sponte, pursuant to 28 U.S.C.1915(d), Fed.R.Civ.P. 12(b)(6), and a prior order of the district court, Washington v. City of Albuquerque, No. Civ-92-1354 JP/RWM (D. N.M.) (March 5, 1993), Washington's civil rights claims originally set forth in a complaint filed by Washington, Pervis Price, Leon Griffin, and Rontez James, hereinafter collectively referred to as plaintiffs, and in two subsequent amended complaints filed by Washington.
 
 
 4
 In their original complaint, filed January 18, 1995, plaintiffs alleged, inter alia, that: plaintiffs are Negro citizens of the United States and inmate residents of the Southern New Mexico Correction Facility (SNMCF); defendants are white, latin-Americans, and/or Hispanic adult citizens of the United States employed at SNMCF; defendants had engaged in a pattern and wide-spread practice of misconduct that included denying plaintiffs the use of the SNMCF gymnasium restroom facilities and denying plaintiffs employment in SNMCF's commissary canteen and libraries; defendants had refused to sell Negro personal hygiene items in the commissary canteen and had denied plaintiffs Negro television entertainment, and religious and cultural programs; defendants had denied plaintiffs adequate and reasonable protective gear to protect their eyes, mouth and nose from blowing sand.
 
 
 5
 In an amended complaint filed by Washington on February 13, 1995, "in behalf of all those similarly situated at SNMCF," Washington alleged:
 
 
 6
 Plaintiff furthermore, states that events that was not brought to the defendants in their original complaint has and continue to occur to those SNMCF inmates who are both physically and mentally serious handicapped, are being deprived of the same and/or similar excess to participate in those issues the plaintiff has stated and since they are seriously ill, they by being in a wheelchair, on crutches, or walking cane to assist them in movement around the compound, simply don't have access to better jobs, as those in plaintiffs claims nor do they have any access to the use the gym restroom, and while inside the gym or outside rec. yard their ability of movement is quite slow and that due to their medical handicap they are forced to with hold the bowel movements, and as a result of being in said areas on the compound they are not able to socialize or watch the recreational activities of others and have an enjoyable time in the gym for lack of any restroom and that even goes for better offered jobs on the compound.
 
 
 7
 (R., Vol. I. at Tab 10).
 
 
 8
 On March 20, 1995, Washington filed a second amended complaint in which he alleged that he "was unlawfully terminated from exercising his enrollment and rights to the basic education program to gain his G.E.D., and that said rights under Title VII was taken from him as a result of filing this suit and other grievances against this institution." (R., Vol. I at Tab 18).
 
 
 9
 The district court, after noting that Washington had a lengthy history of frequent and abusive litigation, and that the court's prior order of March 5, 1993, had set forth the terms of an injunction which would issue if Washington continued to file abusive lawsuits, specifically found that Williams' continuous conduct of filing frivolous actions constituted abuse of the March 5, 1993, order. Accordingly, on April 6, 1995, the court entered an order in which it dismissed Washington's claims and dismissed Washington as a party. The court also enjoined and prohibited Washington from initiating a civil action in the United States District Court for the District of New Mexico unless represented by an attorney licensed to practice law in the State of New Mexico and admitted to practice before the court. The court granted plaintiffs Price, Griffin and James leave to file an amended complaint within thirty (30) days.
 
 
 10
 On appeal, Washington contends that the district court abused its discretion in "dismissing plaintiff Washington, of the suit claiming he has filed a frivolous lawsuit" and "in dismissing the entire suit and issuing an injunction against plaintiff Washington" and in ordering the plaintiffs to re-file their lawsuit. (Appellant's Opening Brief, p. 2).
 
 
 11
 The dismissal of an in forma pauperis action as frivolous rests within sound discretion of trial court. Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264, 267-69 (10th Cir.1994). Filing restrictions imposed by a district court are appropriate when a litigant has abused the privilege of proceeding in forma pauperis and the leniency afforded him as a pro se litigant in previous cases. Werner v. State of Utah, 32 F.3d 1446, 1447 (10th Cir.1994).
 
 
 12
 We have reviewed the record and Washington's appellate brief. We affirm for substantially the same reasons set forth in the district court's order of April 6, 1995.
 
 
 13
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470