**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALEX EVITT, JR.,

      Plaintiff - Appellee,

v.

JACK R. DURLAND, JR.,

      Defendant - Appellant.

No. 00-6130
(D.C. No. 98-CV-1712-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Jack R. Durland, Jr., appearing pro se, appeals the district court's denial of his motion to set aside a default judgment and the district court's award of punitive damages against him. However, because we find the district court lacked subject matter jurisdiction, we dismiss the appeal pursuant to 28 U.S.C. § 1291.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case involves two lawsuits filed by plaintiff-appellee Alex Evitt, Jr. In the first, Evitt sued his former attorney, Lewis Barber, Jr., in Oklahoma state court in April 1988. Evitt retained Durland to represent him in this action in December 1993. On January 11, 1996, Durland sent Evitt two letters stating that Durland had obtained a court order allowing him to withdraw as Evitt's attorney[1] and that Evitt needed to attend a pretrial conference scheduled less than a week later, respond to a pending motion for summary judgment in less than two weeks, and attend a hearing on the summary judgment motion in three weeks. Evitt then filed a "Dismissal Without Prejudice" on January 16, 1996, the day before the pretrial conference. ( R. Doc. 5 at 9.) At the pretrial conference, the state court found Evitt had been "derelict throughout the history of this litigation," held Evitt's dismissal "of no legal force and effect," dismissed Evitt's case with prejudice, entered judgment against Evitt on defendant Barber's cross-claim, and awarded Barber $5,000 plus costs of $399. (R. Doc. 12, Ex. A at 4-5.)

Evitt filed the present action against Durland in January 1999 in the United States District Court for the Western District of Oklahoma. The first two counts of the complaint seek damages for breach of contract and fraudulent misrepresentation. For each of these causes of action, the complaint prays for

---

[1] Durland's motion to withdraw was based on Evitt's alleged failure to communicate with him.

damages of $33,596—$8,399 in actual damages and treble punitive damages of $25,197—and costs.  Alleging Durland, as a licensed attorney, acted under color of state law in his dealings with Evitt, the third count of the complaint seeks $33,596 in damages under 28 U.S.C. § 1983 and costs.  The complaint also seeks attorney's fees.

The parties dispute whether Evitt properly served Durland with the summons in the instant lawsuit; Durland claims he was unaware of the suit until September 1999.  In June 1999, the district court entered a default judgment against Durland.  In that judgment, the court dismissed Evitt's § 1983 claim as "insufficient on its face" and awarded actual damages totaling $7,749 and punitive damages of $100,000, along with court costs and post-judgment interest. (R. Doc. 12 at 1.)  After claiming to have finally learned of Evitt's action against him, Durland filed a motion to set aside the default judgment in October 1999. The district court held an evidentiary hearing to determine whether there had been proper service and issued an order in March 2000 denying Durland's motion to set aside the default judgment.  Durland appeals the district court's denial of his motion to set aside the default judgment, as well as the district court's award of punitive damages.

Although neither party raised or briefed the issue, Fed. R. Civ. P. 12(h)(3) requires federal courts to dismiss an action "[w]henever it appears by suggestion

of the parties or otherwise that the court lacks jurisdiction of the subject matter." See also Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994) ("Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." (citations omitted)); Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Thus, even "[i]f the parties do not raise the question" themselves, it is our duty to address the apparent lack of jurisdiction sua sponte, and we do so here. Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 843 (10th Cir. 1988) (quoting Basso, 495 F.2d at 909); see also Penteco Corp., Ltd. Partnership–1985A v. Union Gas Sys., Inc., 929 F.2d 1519 (10th Cir. 1991) (lack of jurisdiction may not be "waived or jurisdiction be conferred by 'consent, inaction, or stipulation'" (quoting Basso, 495 F.2d at 909)).

Evitt's complaint seeks to establish federal jurisdiction under 28 U.S.C. § 1331 by alleging a violation of 42 U.S.C. § 1983 and invoking supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). Evitt's § 1983 claim is premised on his theory that Durland, as a licensed attorney, was acting "under color of statute, ordinance, regulation, custom, or usage of the State of Oklahoma" when he represented Evitt in the prior lawsuit. (R. Doc. 5 at 3.) However, the proposition that a licensed attorney representing a client is acting under color of law for purposes of § 1983 has been squarely rejected. See Polk

County v. Dodson, 454 U.S. 312, 318-19 & nn.7 & 9 (1981); Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994) ("The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983." (citing Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990)). The district judge recognized the hollowness of Evitt's § 1983 claim by dismissing it as "insufficient on its face," but nevertheless implicitly retained supplemental jurisdiction over the remaining state law claims in awarding Evitt damages in the default judgment. (R. Doc. 12 at 1-2.)

Although a district court has "the constitutional power to exercise supplemental jurisdiction over state claims even after a federal claim has been dismissed," that is only true "provided the federal claim was not insubstantial from the outset." United Int'l Holdings Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1220 (10th Cir. 2000) (citation omitted); see also Hagans v. Lavine, 415 U.S. 528, 536-43 (1974) (discussing the history of the insubstantiality doctrine). "A federal claim is insubstantial only if it is obviously without merit or is wholly frivolous, or is clearly foreclosed by prior decisions of the Supreme Court." Plott v. Griffiths, 938 F.2d 164, 167 (10th Cir. 1991) (internal quotations and citations omitted). Here, Evitt's § 1983 claim was both obviously without merit and foreclosed by the Supreme Court's decision in Polk County. As a result, the

district court lacked the power to exercise supplemental jurisdiction over the state law claims.

We next consider whether this action could have been brought pursuant to the district court's exercise of diversity jurisdiction under 28 U.S.C. § 1332. See Lemmons, 39 F.3d at 266 (noting that no grounds existed for diversity jurisdiction after determining federal question jurisdiction was lacking under § 1983). Section 1332 requires the parties be "citizens of different states" and "the matter in controversy . . . exceed[] the sum or value of $75,000 exclusive of interest and costs." These requirements must be met at the time the action is filed; subsequent events do not affect jurisdiction. See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1990) (noting the "well-established rule that diversity of citizenship is assessed at the time the action is filed"). [2] "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed." Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (quoting St. Paul Mercury Indem. Co. v. Reb Cab Co., 303 U.S. 283, 289 (1938)).

---

[2] Thus, the fact that the district court awarded Evitt $100,000 in punitive damages is irrelevant to our analysis.

The party asserting jurisdiction bears the burden of proving it. See State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998).

While the record indicates the parties are citizens of different states—Evitt is a citizen of Oklahoma and Durland became a citizen of Mississippi twelve days before Evitt's federal complaint was filed (see R. Doc. 5 at 1; R. Doc. 20, Ex. A ¶ 1)—Evitt's complaint does not establish that the amount in controversy exceeds $75,000.

Evitt's complaint seeks damages "in excess of $100,788." (R. Doc. 5 at 3.) However, Evitt's § 1983 claim cannot be counted towards the jurisdictional amount because, as discussed above, "it is apparent to a legal certainty" that Evitt could not recover on this claim. Miera, 143 F.3d at 1340 (quoting St. Paul Mercury Indem. Co., 303 U.S. at 289); see also Polk County, 454 U.S. at 318-19 & nn.7 & 9; Lemmons, 39 F.3d at 266. As a result of the defects in Evitt's complaint, the true amount in controversy at the time of the complaint is not the $100,788 Evitt pleaded, but rather that number reduced by the $33,596 Evitt sought under his § 1983 claim. Thus, the true amount in controversy is only $67,192.

Finally, we note three additional points bearing on the amount in controversy. First, Evitt's complaint seeks punitive damages. [3] Although under some circumstances Oklahoma law places no cap on a punitive damages award, see Okla. Stat. Ann. tit. 23, § 9.1(D) (West Supp. 2000), Evitt has limited the amount of punitive damages he seeks under his breach of contract claim to "treble damages," (R. Doc. 5 at 2), and has stated the total award requested, including punitives, in his complaint. Because "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," the amount in controversy attributable to punitive damages from Evitt's breach of contract claim is limited to the amount explicitly stated in Evitt's complaint. State Farm Mut. Auto. Ins. Co., 149 F.3d at 1271 (quoting St. Paul Mercury Indem. Co., 303 U.S. at 288). Second, Evitt's claim for fraudulent misrepresentation seeks damages "in excess of" $33,596, which includes treble punitive damages. (R. Doc. 5 at 3.) However, this Circuit has held a claim for damages "in excess of" an amount that is itself less than the jurisdictional minimum is not sufficient to confer jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d, 871, 873 (10th Cir. 1995). Third, Evitt seeks attorney's fees. "[W]hen a statute permits recovery of attorney's fees[,] a reasonable

---

[3] Throughout his complaint, Evitt cites Okla. Stat. Ann. tit. 23, § 9 to support his claims for punitive damages. However, this statute was repealed in 1995 and replaced with a somewhat similar statute, Okla. Stat. Ann. tit. 23, § 9.1 (West Supp. 2000). Thus, we construe Evitt's complaint as seeking punitive damages under the current Oklahoma statute authorizing them.

estimate may be used in calculating the necessary jurisdictional amount . . . ." Miera, 143 F.3d at 1340 (citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)). Here, however, Evitt's complaint cites no statute authorizing attorney's fees. For these reasons, Evitt's complaint does not establish that the amount in controversy exceeds $75,000 and is thus insufficient to permit diversity jurisdiction.

Because we find that the federal courts lack subject matter jurisdiction over this action, we **DISMISS** the appeal and **REMAND** to the district court to vacate the default judgment and dismiss this action.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge