**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALTON RAYMOND AMES,

      Plaintiff - Appellant,

v.

ANDREA D. MILLER,

      Defendant - Appellee.

No. 07-6014
W.D. Okla.
(D.C. No. CIV-06-0668-HE)

_____

ALTON RAYMOND AMES,

      Plaintiff - Appellant,

v.

JONATHAN R. GRAMMAR; JOHN
W. GILE; GRANT M. LUCKY;
DAVID W. KIRK; CLIFFORD B.
SHILLING, assistant city attorney,
Stillwater; NIX AND MCINTYRE
LLP; KLINGENBERG BROWN AND
ASSOCIATES; LYTLE SOULE &
CURLEE PC; CITY OF
STILLWATER,

      Defendant - Appellee.

No. 07-6019
W.D. Okla.
(D.C. No. 06-CV-0728-HE)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Alton Raymond Ames, a state prisoner proceeding pro se,[1] has a tale of woe; he is quite unhappy about his experience with the justice system.  He filed two cases, *Ames v. Miller* and *Ames v. Grammar, et. al.*, claiming violations of his civil rights by his attorneys and the city attorney in his prior criminal and federal habeas proceedings.  He also asserted various state law claims.  The district court dismissed each of the cases *sua sponte* for failure to state a claim on the federal claims and declined to exercise supplemental jurisdiction.  Ames appeals from those dismissals.  We consolidated the appeals and dismiss them because they are frivolous.

---

[1]  Because Ames proceeds pro se on appeal, we will construe his pleadings liberally.  *Freeman v. Watkins*, 479 F.3d 1257, 1258 (10th Cir. 2007).

## I. Background

A. *Ames v. Miller*

Ames was convicted by a jury of drug charges. He hired appellate counsel to represent him in various state and federal post-conviction proceedings. In *Miller*, Ames brought a 42 U.S.C. § 1983 action and various state law claims against his retained counsel expressing his dissatisfaction with his retained counsel's representation in those proceedings. The district court dismissed Ames' § 1983 claim because his attorney could not be considered a "state actor." It then declined to exercise supplemental jurisdiction over the remaining state law claims.

B. *Ames v. Grammar, et. al.*

In 2002, Ames filed a civil rights action in federal court in which he alleged city law enforcement officers acted improperly during the arrest which led to the drug charges against him. The court appointed an attorney to represent him. In *Grammar*, Ames brought a § 1983 claim and various state law claims against his court appointed attorney and others. Ames expresses dissatisfaction with counsel's performance and alleges the city attorney conspired with his appointed attorney to violate his rights. In addition to his attorney and the city attorney Ames also makes claims against the city and all the law firms for whom his attorney had ever worked.

The district court determined: 1) Ames could not state a § 1983 claim

because his attorney was not a "state actor;" 2) nor were the sundry law firms with which his attorney was associated; 3) Ames failed to allege facts sufficient to support the conspiracy claim against the city attorney; and 4) Ames failed to allege a custom or policy of the city, an allegation necessary to state a § 1983 claim against the city. The court consequently dismissed Ames' § 1983 claims and declined to exercise supplemental jurisdiction over the remaining state claims.

## II. Discussion

Ames challenges the dismissals in both cases. He insists he stated cognizable claims under § 1983. In addition, he claims he should have been afforded the opportunity to amend his complaints. Along with everyone else, Ames is dissatisfied with the trial judge, complaining that the judge did not recuse from these cases. Finally, Ames challenges the court's imposition of a strike under 28 U.S.C. § 1915(g).

A. *Failure to state claim*

"To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Private attorneys performing traditional legal functions as counsel do not act "under color of state law." *Polk County v. Dodson*, 454 U.S. 312, 318-20, 325

-4-

(1981); *Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994) ("The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983."). Also, § 1983 does not impose liability "based on a *respondeat superior* theory of liability." *Polk*, 454 U.S. at 325. Thus, Ames cannot prevail in his claims against the defendant law firms. While Ames does name one state actor as a defendant in *Grammar*, the city attorney, he failed to allege a sufficient conspiracy with his former attorney. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because [pro se] plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice. Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.") (citations omitted). As for the claim against the city itself, the court noted, and we agree, that Ames failed to allege a policy or custom sufficient to support a § 1983 claim against a municipal entity. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

One thing is clear from the record – Ames failed to allege facts sufficient to support any of his § 1983 claims against any of the defendants. Accordingly, it was appropriate for the court to dismiss those claims *sua sponte*. We now proceed to consider whether Ames should have had an opportunity to amend his complaint.

B. *Opportunity to Amend Complaint*

"Although the preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim," "a *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile . . . ." *McKinney v. State of Okla., Dept. of Human Svcs., Shawnee Okla.*, 925 F.2d 363, 365 (10th Cir. 1991).

Ames' complaint about his former attorneys concern only those actions which are traditional legal functions. The lawyers are not state actors and, accordingly, Ames cannot prevail in a § 1983 suit against them. We have also explained how the other claims – the conspiracy claim against the city attorney and municipal liability claim against the city itself – are defective. In support of his motion to amend his pleadings he failed to suggest any facts suggesting he could sufficiently state a conspiracy claim against the city attorney or demonstrate a custom or policy necessary to support municipal liability.

The district court was correct. From the proceedings before the court, it was clear Ames could not prevail; thus, affording an opportunity to amend the complaint would have been futile.[2]

---

[2] Ames also cites Rule 15 of the Federal Rules of Civil Procedure. However, Rule 15(a) permits the district court to deny a motion to amend if the amendment would be futile. *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (quotations omitted). Our agreement with the district court that an amendment would be futile distinguishes the cases Ames cites in support of his

C. *Pendant Jurisdiction*

Following 28 U.S.C. § 1367(c), the district court determined it should not exercise pendant jurisdiction following the dismissal of the only claim over which it had jurisdiction. We do not fault this determination. "Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts." *United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000). The district court did not abuse its discretion by dismissing the remaining state claims after all federal claims had been dismissed.[3]

D. *Recusal*

Finally, Ames wants another judge to preside in his case. Although his briefs question the impartiality and fairness of the district judge, he provides us no record citations substantiating his claims. The gist of his complaint is that the judge made rulings against him, made him pay fees, and dismissed his cases.

"A judge should not be disqualified for faithfully performing the duties of his office. Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262

---

argument. *See, e.g., Church v. Attorney General of Com. of Va.*, 125 F.3d 210, 215 (4th Cir. 1997); *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623-24 (9th Cir. 1988).

[3] Ames concedes all parties reside in Oklahoma. Therefore, diversity jurisdiction cannot support federal jurisdiction in these cases.

(10th Cir. 2006). Ames' arguments are little more than the lamentations of a disgruntled litigant; this is certainly insufficient grounds for recusal.

E. *Strikes Under 28 U.S.C. §1915(e)*

Finally, Ames contests the district court's decision to impose a strike in *Grammar* under 28 U.S.C. § 1915(g).[4] This, too, must fail. Section 1915(e)(2)(B) requires the district court (and this Court as well) to summarily dismiss frivolous actions (or appeals) and those which fail to state a claim upon which relief may be granted.[5]

Ames' briefs fail to present any legal theory or present allegations which could conceivably refute the district court's thoroughly reasoned disposition. *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992) ("A claim is frivolous or malicious [under § 1915] if it is based on an indisputably meritless legal theory.") (quotations omitted). Both appeals before us are frivolous and must be dismissed. These dismissals also count as strikes under § 1915(g). Thus,

---

[4] The district court did not expressly impose a strike in *Miller* as it did in *Grammar*. However, it is clear that the complaint in *Miller*, too, failed to state a claim and the district court's dismissal thus counts as a strike. 28 U.S.C. § 1915(g).

[5] Ames also argues the district court erred in dismissing his cases after he paid his filing fee. However, § 1915(e)(2) requires the court to dismiss the case "at any time" if the court concludes the action is frivolous or fails to state a claim for which relief may be granted, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid . . . ." Ames' argument is therefore without merit. *See Fogle v. Pierson*, 435 F.3d 1252, 1257-58 (10th Cir.), *cert. denied*, 127 S.Ct. 675 (2006).

Ames has accumulated four strikes, two in the district court and two here. *See* 28 U.S.C. § 1915(g)[6]; *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999).

**DISMISSED**.

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge

---

[6] Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.