**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRANDE LEE SAMUELS,

    Plaintiff - Appellant,

v.

RYAN MCDONALD; ROBERT NIGH;
STEVE KUNZWEILER; ISAAC
SHIELDS; STUART SOUTHERLAND,

    Defendants - Appellees.

No. 17-5098
(D.C. No. 4:17-CV-00397-CVE-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Brande Lee Samuels appeals the district court's dismissal of his amended complaint that alleged claims under 42 U.S.C. § 1983 against three Tulsa County public defenders and two prosecutors with the Tulsa County District Attorney's Office. The court dismissed the amended complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. It granted Mr. Samuels leave to proceed *in forma pauperis* ("*ifp*") on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Samuels brought his § 1983 action pro se while in custody at the Tulsa County Jail and awaiting trial.[1]  The amended complaint alleged four claims:

(1) denial of the right to a fair and impartial trial process;

(2) ineffective assistance of counsel when appointed counsel failed to provide him with copies of discovery;

(3) ineffective assistance of counsel when appointed counsel failed to file and argue proper motions and challenge the voluntariness of his confession; and

(4) systematic abrogation of constitutional rights by the Tulsa County District Attorneys "by way of the Tulsa County District Court."

Mr. Samuels sought compensatory, punitive, and injunctive relief.

The district court dismissed because (1) the public defenders did not act under color of state law, as § 1983 requires; and (2) the prosecutors were entitled to absolute immunity.  The court pointed out that, if Mr. Samuels is convicted in his state criminal action, he may be able to make his constitutional arguments on direct appeal, in state post-conviction proceedings, or through a federal habeas corpus application.

---

[1] According to the Tulsa County District Court public docket for *State v. Samuels*, No. CF-2016-1849, Mr. Samuels's trial is scheduled to begin on August 28, 2018, on charges of shooting with intent to kill, Okla. Stat. tit. 21, § 652, and felon in possession of a firearm, Okla. Stat. tit. 21, § 1283.  Fed. R. Evid. 201(b)(2); *see United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Estate of McMorris v. C.I.R.*, 243 F.3d 1254, 1258 n.8 (10th Cir. 2001) (same); *see also United States v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005) (stating "we can take judicial notice of state court records").

Mr. Samuels raises three issues on appeal.[2]  "We review de novo the district court's decision to dismiss an *ifp* complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

First, he argues that his amended complaint alleged sufficient factual detail. Aplt. Br. at 4-6.[3]  This argument fails because, as we discuss below, he does not show that the facts he did allege overcome the reasons that the district court dismissed the amended complaint.

Second, Mr. Samuels contests the district court's ruling that the defendant public defenders were not state actors under § 1983.  Aplt. Br. at 7-9.  The court relied primarily on *Polk Cty. v. Dodson*, 454 U.S. 312 (1981), in which the Supreme Court said that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Id.* at 325.  Mr. Samuels cites to the Eighth Circuit's decision in *Dodson v. Polk Cty.*, 628 F.2d 1104 (8th Cir. 1980), which held "that an attorney in a county or state funded public defender's office acts under color of state law in representing indigent defendants."  *Id.* at 1106.  But the Supreme Court reversed this holding in its *Polk County* decision.

---

[2] Because Mr. Samuels is pro se, we liberally construe his filings but do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  As the district court noted, pro se plaintiffs bear "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Starting on the fourth page, every page of Mr. Samuels's brief contains a heading that says "Page 3."  Our citations to his brief refer to the actual pages as if they had been numbered consecutively.

In *Dodson*, the Supreme Court did "not suggest that a public defender never acts" under color of state law, such as "making hiring and firing decisions" or perhaps "while performing certain administrative and possibly investigative functions." 454 U.S. at 324-25. And in *Tower v. Glover*, 467 U.S. 914 (1984), the Court refined *Polk County*, recognizing that a public defender acts "under color of state law" when conspiring with state officials to deprive a client of constitutional rights. *Id.* at 920; *see also Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). But nothing in Mr. Samuels's amended complaint alleged that the public defender defendants were acting outside their traditional functions as counsel or conspiring with state officials. The remaining authority cited in Mr. Samuels's brief does not call the district court's ruling into question.

Third, Mr. Samuels contests dismissal of his claims against the prosecutor defendants, pointing out that they are not entitled to immunity for administrative functions. Aplt. Br. at 10. But, as the district court said, a state prosecutor is absolutely immune to a suit for civil damages based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976).

Prosecutorial immunity covers pretrial advocacy functions, including the preliminary hearing, which is the focus of Mr. Samuels's amended complaint against the prosecutors. ROA Doc. 13 at 6. *See Burns v. Reed*, 500 U.S. 478 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Kalina v. Fletcher*, 522 U.S. 118 (1997); *Mink v. Suthers*, 482 F.3d 1244, 1258-63 (10th Cir. 2007). Mr. Samuels's

4

amended complaint lacks allegations that the prosecutor defendants acted outside their prosecutorial functions, and his brief's extended discussion of various points and authorities does not cure this deficiency. *See* Aplt. Br. at 10-16.[4]

For the foregoing reasons, we affirm the district court's judgment. We deny Mr. Samuels's motions to amend and to remand as moot. As previously noted, the district court granted him leave to proceed *ifp* on appeal, and we remind him of his obligation to continue making partial payments until the entire filing fee is paid.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[4] The amended complaint's request for relief lists "Compensatory relief - $25,000 punitive relief - $125,000 Injunctions [sic] – As this Honorable Court sees in the interest of justice to correct constitutional violations." ROA Doc. 13 at 5. Although the prosecutors' immunity bars the § 1983 claim for money damages, they may be sued for injunctive relief. *See Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736-737 (1980); *Pulliam v. Allen*, 466 U.S. 522 (1984); *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 267 (10th Cir. 1994). Absolute immunity does not extend to "their official actions." *Hafer v. Melo*, 502 U.S. 21, 29 (1991). Mr. Samuels, however, makes no argument on appeal that his amended complaint against the defendant prosecutors should survive as to its request for injunctive relief. Indeed, the portion of his brief on prosecutorial immunity emphasizes "damages against the individual defendants," Aplt. Br. at 14, not injunctive relief. We will not consider a ground to reverse that has not been argued. *See United States v. Fisher*, 805 F.2d 982, 991 (10th Cir. 2015).

5