Arthur W. Ruthenbeck, Blackmon, Wasserman, Blicker & Ruthenbeck, Sacramento, Cal., for plaintiff-appellant.

**Fred George COX, Plaintiff-Appellant,**

v.

**Harry L. HELLERSTEIN, Assistant Federal Public Defender, James F. Hewitt, Federal Public Defender, Defendants-Appellees.**

**No. 81–4397.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 1982.

Decided Aug. 27, 1982.

Before WISDOM * and DUNIWAY, Senior Circuit Judges, and NORRIS, Circuit Judge.

NORRIS, Circuit Judge:

In 1978, appellant Fred George Cox was convicted by a jury of aggravated armed bank robbery. His conviction was affirmed on appeal, and a petition for writ of certiorari was denied by the United States Supreme Court. Appellee Harry L. Hellerstein, Assistant Federal Public Defender, represented Cox throughout trial and the appellate process.

In 1980, Cox filed a civil rights complaint alleging that Hellerstein, and appellee James F. Hewitt, Federal Public Defender, as Hellerstein's supervisor, violated Cox's federally-protected rights during the course of Hellerstein's court-appointed representation of Cox. In his complaint, Cox alleged that Hellerstein was "ineffective, inadequate, incompetent, and unprofessional" as defense counsel. Cox alleged that Hellerstein failed to call witnesses who should have been called, worked for the prosecution to obtain a conviction, and divulged

* The Honorable John Minor Wisdom, United States Circuit Judge for the Fifth Circuit, sitting by designation.

confidential matters to the prosecution.[1] The district court granted Hellerstein's motion to dismiss, and Cox appeals. We affirm on the ground that *Polk County v. Dodson*, —— U.S. ——, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) is controlling authority that the district court lacked subject matter jurisdiction over Cox's civil rights action.

In *Polk County v. Dodson*, the Supreme Court held that a public defender does not act "under color of state law" when representing an indigent defendant in a state criminal proceeding. Accordingly, there was no jurisdictional basis for an action brought under 42 U.S.C. § 1983 against a Polk County public defender on a claim of inadequate representation of the plaintiff in an appeal of his state robbery conviction. *Id.* 102 S.Ct. at 448. The Court reasoned that a public defender does not act on behalf of the state, but rather serves the public by advancing the undivided interests of his client. "This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* 102 S.Ct. at 450.

Here, Cox has attempted to plead a *Bivens*[2] action which requires him to plead and prove that Hellerstein was a federal officer acting under color of federal law when he represented Cox in the federal criminal proceeding. *See Bivens*, 403 U.S. at 389–397, 91 S.Ct. at 2001–2005. Thus the only difference between this case and *Polk County* is that one is a *Bivens* action against a federal officer and the other a § 1983 action against a state officer. In either case, action under color of law is a jurisdictional requisite. If a public defender does not act under color of state law in representing an indigent defendant in a

state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding. Accordingly, *Polk County* compels us to conclude Cox's *Bivens* action suffers from a fatal jurisdictional defect which requires dismissal.[3]

AFFIRMED.

---

1. In a separate action, Cox sought relief under 28 U.S.C. § 2255 from his 1979 conviction of armed bank robbery, claiming ineffective assistance of counsel. The petition was dismissed on June 3, 1982 by the United States District Court for the Northern District of California. *United States v. Cox*, No. CR 78–0399–WHO.

2. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

3. Since we hold that a public defender does not act under color of law, we need not reach the issue whether a public defender is entitled to the same absolute immunity as judges and prosecutors. *See Polk County v. Dodson*, —— U.S. ——, —— n.4, 102 S.Ct. 445, 449 n.4, 70 L.Ed.2d 509.