Samuel E. HALEY, Jr., Appellant,

v.

Michael W. WALKER, Appellee.

In re Samuel E. HALEY, Jr., Petitioner.

No. 84–2015, Misc. No. 84–8120.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1984.

Decided Dec. 28, 1984.

---

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

## I. No. 84–2015—Haley v. Walker.

Samuel E. Haley, Jr., appeals from an order of the United States District Court for the Western District of Missouri, dismissing his 42 U.S.C. § 1983 action against Michael Walker, an attorney appointed to represent Haley in two other section 1983 actions. Haley alleges that Walker's neglect of these cases resulted in dismissals and deprived him of his right of access to the courts. The district court dismissed this complaint as frivolous because Walker was appointed by a federal court and therefore could not have acted under color of state law. We affirm.

 Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law, but is inapplicable to persons acting under color of federal law. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 n. 1, 91 S.Ct. 1999, 2006 n. 1, 29 L.Ed.2d 619 (1971) (Harlan, J., concurring); *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 75 n. 7 (8th Cir.), *cert. denied*, 429

U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976); *Williams v. Rogers*, 449 F.2d 513, 517 (8th Cir.1971), *cert. denied*, 405 U.S. 926, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972). Because Walker was appointed by a federal court, therefore, an action could not be brought under section 1983.

Moreover, if Haley's claim against Walker is liberally construed as an attempt to plead a *Bivens*-type action, it does not appear that he would be successful. Haley must show that Walker was a federal officer acting under color of federal law to raise a *Bivens* claim. This Court has recognized that a private attorney, appointed by a state court, does not act under color of state law for 42 U.S.C. § 1983 purposes. *Dodson v. Polk County*, 628 F.2d 1104, 1106 n. 2 (8th Cir.1980), *rev'd on other grounds*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir.1974). By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action.

In *Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir.1982), the Ninth Circuit applied this same analogy in affirming the district court's dismissal of a *Bivens* action for lack of jurisdiction.

This result does not, however, leave Haley without recourse. The Supreme Court recognized that even though a state public defender may not be liable under section 1983, he or she may be liable in an appropriate case under state tort law. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Therefore, Haley may be able to sue Walker for malpractice under Missouri tort law. The district court may also wish to consider commencement of a disciplinary proceeding against Walker.

## II. Misc. No. 84–8120—In Re: Samuel Haley.

 Misc. No. 84–8120—*In Re: Samuel Haley* is unrelated to No. 84–2015—*Haley v. Walker*. In this proceeding, Haley requests this Court to order Magistrate Ralston to recuse himself on two grounds: first, that the magistrate has demonstrated

prejudice against Haley in denying his motions for appointment of counsel, demand for a security deposit, and summary judgment while granting the defendants' motions for extensions to respond; and second, that the present action before the magistrate is a "follow-up" on a case Haley brought earlier, and that Magistrate Ralston "has knowledge of that case." Neither allegation demonstrates that Magistrate Ralston is prejudiced against Haley. The petition for a writ of prohibition, therefore, is denied.

Haley also requests that he be appointed counsel in a section 1983 action against the prison officials in *Haley v. Wyrick, et al.*, No. 84–4147–CV–C–5. This action is pending in the district court for the Western District of Missouri, and trial has been set for December 13, 1984. The district court denied Haley's first request for counsel on June 7, 1984. On June 12, 1984, Haley again moved for appointment of counsel. Haley concedes that this motion has not yet been ruled upon by the district court, and therefore it does not appear that the issue is ripe for an interlocutory appeal. This portion of the application is therefore denied.