772 F.2d 905
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT WAYNE BRADFORD, PLAINTIFF-APPELLANT,
v.
STEPHEN B. SHANKMAN AND ROBERT WAMPLER, DEFENDANTS-APPELLEES.
 NO. 85-5150
 United States Court of Appeals, Sixth Circuit.
 8/12/85
 
 W.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: ENGEL, MERRITT and KENNEDY, Circuit Judges.
 
 
 1
 Bradford moves for counsel on appeal from the district court's judgment dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Bradford's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Bradford filed his complaint against the two attorneys who represented Bradford in a criminal case before the federal district court in Memphis, Tennessee. He alleges that his civil rights were violated because their assistance was ineffective. He also alleges that they conspired with agents of the state of Virginia to bring about his incarceration.
 
 
 3
 Because Bradford's complaint involves attorneys acting in the federal district court, he must show that the defendants were acting under color of federal law. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397 (1971). The Supreme Court has held that a state public defender does not act under color of state law for purposes of a civil rights action under Sec. 1983. Polk County v. Dodson, 454 U.S. 312, 320-1 (1981). Similarly, a private attorney and a federal public defender do not act under color of federal law for purposes of a Bivens action. Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982); accord, Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984). Therefore, Bradford's ineffective assistance of counsel issues to not raise a valid claim.
 
 
 4
 Concerning the allegation of a conspiracy between the defendants and agents of the state of Virginia, the district court held that the allegations were conclusory and did not create liability under Dennis v. Sparks, 449 U.S. 24, 27 (1980). After an examination of the record, we agree with the conclusion of the district court.
 
 
 5
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.