966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Leo M. MULLEN, M.D., Appellant,
v.
UNITED STATES of AMERICA; Jean Paul Bradshaw, Appellees.
 No. 92-1047.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 2, 1992.
Filed: June 10, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leo M. Mullen, M.D., appeals from an adverse judgment on his claims against the United States and United States Attorney for the Western District of Missouri, Jean Paul Bradshaw II. We affirm.
 
 
 2
 Mullen filed a complaint against the United States and Bradshaw under the Federal Tort Claims Act (FTCA) and 42 U.S.C. § 1983. He alleged that in 1977, the United States purchased from Fred Poorbaugh a 140-acre tract of land in the Carson National Forest in New Mexico in which Mullen had an interest. Mullen also alleged that Bradshaw and his predecessors have refused to investigate and prosecute Poorbaugh for defrauding Mullen. Mullen sought $4.8 million in damages from the defendants and requested an order requiring the government to institute a criminal prosecution against Poorbaugh. The government asserted that Mullen's FTCA action against it was precluded by the doctrine of res judicata, that the FTCA claim against Bradshaw should be dismissed because he was not a proper defendant, and that the section 1983 claim was meritless. The government moved for partial dismissal and for summary judgment.
 
 
 3
 The district court granted the government's motion. Based on the exhibits submitted with the motion, the court concluded that Mullen's FTCA claim against the United States was barred by the doctrine of res judicata. The court determined that Mullen's FTCA claim against Bradshaw was without merit because federal employees are immune from liability under the FTCA for tortious acts committed by them in the scope of their employment. Mullen's section 1983 claim against Bradshaw also failed because, as a federal prosecutor, Bradshaw does not act under color of state law. Alternatively, the court concluded Bradshaw was absolutely immune from liability for damages based on his decision not to investigate or prosecute Poorbaugh. Mullen moved to set aside the decision, requested a hearing before another judge, and moved for criminal charges to be filed against Bradshaw and some of his assistants. The district court denied these motions and this appeal followed.
 
 
 4
 This court reviews a grant of summary judgment de novo and examines the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979). Here, the district court correctly determined Mullen's FTCA claim against the United States is barred by res judicata. He asserted the same claim in a prior lawsuit against the United States in the District Court for the Western District of Missouri. That court granted the government's motion for summary judgment and this court affirmed the judgment. Mullen v. United States, No. 82-1846 (8th Cir. Nov. 19, 1982) (per curiam) (unpublished). Mullen's claim that the prior summary judgment is not a judgment on the merits is incorrect. See Dowd v. Soc'y of St. Columbans, 861 F.2d 761, 764 (1st Cir. 1988) (per curiam).
 
 
 5
 As for the claims against Bradshaw, the district court correctly determined that he is not a proper defendant in the FTCA action. See United States v. Smith, 111 S. Ct. 1180, 1184-85 (1991). Additionally, Mullen's section 1983 claim against Bradshaw is meritless because section 1983 "is inapplicable to persons acting under color of federal law." Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam). The complaint against Bradshaw could be construed as a Bivens action, but because the claim is premised on Bradshaw's failure to commence a criminal investigation or prosecution, Bradshaw is absolutely immune from liability. Schloss v. Bouse, 876 F.2d 287, 290 (2d Cir. 1989).
 
 
 6
 Accordingly, we affirm.