28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Dempsey McINTYRE, Plaintiff-Appellant,
v.
Andrew M. LEAVITT, et al., Defendants-Appellees.
 No. 94-15121.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry D. McIntyre, a Nevada State prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In his action, McIntyre seeks monetary damages from defendants Leavitt, Moran and Weinstock, who allegedly violated his Constitutional rights by denying him effective assistance of counsel when they represented him in his direct criminal appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1915(d), the district court may dismiss an action sua sponte if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325. Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).
 
 
 4
 To establish liability under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 5
 Court-appointed counsel does not generally act under color of state law when engaged in the ordinary course of conducting the defense. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir.1982). However, a cause of action exists for the purposes of Sec. 1983 if the plaintiff can plead and prove that the public defender actually conspired with state officials. Tower v. Glover, 467 U.S. 914, 923 (1984).
 
 
 6
 Here, in July 1992, the Eighth District Court of Nevada appointed Andrew Leavitt of the law firm of Moran and Weinstock to represent McIntyre in a direct appeal. Leavitt withdrew as McIntyre's counsel in August 1993. Because defendants' actions, or inactions were committed in the process of performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, and because McIntyre failed to make any specific allegation that defendants engaged in a conspiracy with state officials, McIntyre's Sec. 1983 action lacks an arguable basis in either law or in fact. See Tower, 467 U.S. at 923; Dodson, 454 U.S. at 318; Karim-Panahi, 839 F.2d at 624; Cox, 685 F.2d at 1099; Ivey, 673 F.2d at 268.
 
 
 7
 Accordingly, the district court did not abuse its discretion when it dismissed McIntyre's claim as frivolous pursuant to Sec. 1915(d). See Neitzke, 490 U.S. at 324.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34 4. Accordingly, plaintiff's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3