**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAUL C. ZAPATA,

      Plaintiff - Appellant,

v.

PUBLIC DEFENDERS OFFICE,
SUSAN PORTER, Attorney for the
State Public Defenders Office,

      Defendants - Appellees.

_____

RAUL C. ZAPATA,

      Plaintiff - Appellant,

v.

RAUL LOPEZ,

      Defendant - Appellee.

No. 06-2334
(D.C. No. CIV-06-952 MCA/KBM)
(D. N.M.)

No. 07-2031
(CIV-06-1108-MCA-KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining appellant's briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Plaintiff-Appellant Raul C. Zapata, acting pro se, commenced two civil actions against the attorneys who represented him in a state criminal prosecution, arguing those attorneys provided him ineffective representation. The district court permitted Zapata to pursue these civil actions in forma pauperis, see 28 U.S.C. § 1915, but dismissed both complaints with prejudice pursuant to 28 U.S.C. § 1915(e). Having jurisdiction to consider these appeals under 28 U.S.C. § 1291, we AFFIRM.[1]

## I. Background

In his first complaint, which is the subject of appeal No. 06-2334, Zapata sued the New Mexico Public Defenders Office ("Office") and an attorney employed by that office, Susan Porter. Zapata alleged that the Office assigned Porter to represent him in the state criminal prosecution. After the district court dismissed Zapata's federal civil complaint with prejudice, he tried unsuccessfully to amend his complaint to add "John Bigelow Public Defender of AID New Mexico." According to Zapata, Bigelow was Porter's supervisor.

In his second federal civil complaint, which is the subject of appeal No. 07-2031, Zapata sued Raul Lopez, a private attorney who, pursuant to a

---

[1]We GRANT Zapata's motions to pursue both of these appeals in forma pauperis. See 28 U.S.C. § 1915(a), (b).

2

contract with the public defenders office, represented Zapata in the state criminal prosecution after Porter withdrew. Zapata later, on his own, began adding John Bigelow, the "Chief Public Defender," to the caption in the pleadings he filed in this case.

Zapata asserted claims against these defendants under 42 U.S.C. § 1983, alleging they deprived him of his Sixth Amendment and due process rights to effective representation in a criminal proceeding. As relief, Zapata sought money damages and Lopez's disbarment.[2] The district court dismissed both complaints with prejudice, ruling that Zapata could not, as a matter of law, obtain the relief he seeks against these defendants under § 1983, and that Zapata could not amend his complaints to state a claim upon which relief could be granted. Zapata appeals those decisions.

## II.    Standard of review

We review de novo the district court's decisions to dismiss both of Zapata's complaints pursuant to 28 U.S.C. § 1915(e)(2).[3] See Trujillo v. Williams, 465

---

[2]Because Zapata specifically invoked § 1983, and because he sought only civil remedies, we do not interpret Zapata's complaints to seek habeas relief from any state-court custody or conviction.

[3]In a case where the court has permitted a plaintiff to proceed without the prepayment of fees, 28 U.S.C. § 1915(e)(2) provides that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(continued...)

3

F.3d 1210, 1214, 1215 (10th Cir. 2006). The district court may <u>sua sponte</u> dismiss an action under § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." <u>Jones v. Bock</u>, 127 S. Ct. 910, 920 (2007). Before dismissing, however, it must be clear that "allowing [the plaintiff] an opportunity to amend his complaint would be futile." <u>Trujillo</u>, 465 F.3d at 1224; <u>see also</u> <u>Gaines v. Stenseng</u>, 292 F.3d 1222, 1225 (10th Cir. 2002). Further, this court will liberally construe a pro se plaintiff's pleadings. <u>See</u> <u>Gaines</u>, 292 F.3d at 1224; <u>see also</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

## III.  Merits

Zapata sued these defendants under 42 U.S.C. § 1983, alleging they deprived him of his Sixth Amendment and due process rights to effective representation in a criminal proceeding. Section 1983 "provides that 'every

---

[3](...continued)

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

person' who acts under color of state law to deprive another of constitutional rights 'shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'" Lawrence v. Reed, 406 F.3d 1224, 1229 (10th Cir. 2005) (quoting 42 U.S.C. § 1983) (alterations omitted). To state a cause of action under § 1983, therefore, Zapata must allege two things: "(1) The plaintiff was deprived of a right secured by the Constitution or laws of the United States, and (2) defendant deprived [him] of this right acting under color of state law." Maestas v. Lujan, 351 F.3d 1001, 1012 n.1 (10th Cir. 2003).

Zapata's claims against his defense attorneys fail to state a § 1983 claim because a public defender representing an indigent defendant in a state criminal proceeding does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 314 (1981); see also Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). Although a public defender may be paid with state funds, she acts independent of the state's authority, and instead exercises her independent judgment in representing a criminal defendant. See Dodson, 454 U.S. at 317-19, 321-22, 324-25. Zapata, therefore, cannot recover under § 1983 against Defendant-Appellee Susan Porter, who was the public defender designated to defend Zapata. The same is true of Defendant-Appellee Raul Lopez, who represented Zapata under a contract with the public defenders office. Cf. Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994) (holding private attorney did not act under color of state law for § 1983

5

purposes); Barnard v. Young, 720 F.2d 1188, 1188-89 (10th Cir. 1983) (same); Smith v. Freestone, No. 99-4005, 1999 WL 510524, at *1 (10th Cir. July 20, 1999) (unpublished) (relying on Dodson and holding that plaintiff could not assert § 1983 claim against attorneys appointed to represent prisoners pursuant to a contract with the state of Utah).

And, to the extent Zapata has properly asserted a claim against him, Zapata also cannot recover against Porter's supervisor, Bigelow. See Dry v. City of Durant, No. 99-7137, 2000 WL 1854140, at *6 (10th Cir. Dec. 19, 2000) (unpublished) (holding under Dodson that, where plaintiff failed to establish that defendant police officers were acting under state law for § 1983 purposes, plaintiff's claims against the officers' supervisors also failed because those "claims against the supervisory defendants are derivative in nature").

To the extent Zapata alleges that the public defenders office is liable under § 1983 because that office hired Porter and assigned her to represent Zapata, those allegations also fail to state a claim on which relief may be granted because "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability," Dodson, 454 U.S. at 325; that is, on a theory that the employer is responsible for its employee's wrongful acts, see Black's Law Dictionary 1179 (5th ed. 1979). Moreover, it appears that the New Mexico Public Defender's Office is an arm of the state and, thus, is not a "person" amenable to suit under

6

§ 1983. See McLaughlin v. Bd. of Trustees of State Colls., 215 F.3d 1168, 1172 (10th Cir. 2000); Harris, 51 F.3d at 905-06.

Liberally construing his complaints, Zapata may be able to assert a malpractice action under state law against his attorneys. See Dodson, 454 U.S. at 325 (declining to express any "views as to a public defender's liability for malpractice in an appropriate case under state tort law"); see also Lemmons, 39 F.3d at 266. But such an action would not implicate the federal courts' federal-question jurisdiction. See 28 U.S.C. § 1331. Further, because Zapata and the defendants are residents of New Mexico, such state-law malpractice claims would also not implicate federal courts' diversity jurisdiction. See 28 U.S.C. § 1332. As we have concluded Zapata has failed to state a claim under § 1983, the district court acted within its discretion to also dismiss any pendent state law claims.

On appeal, Zapata has filed several motions with this court seeking to amend his complaints. We must deny these motions because Zapata cannot raise a new claim before this court that he did not previously raise before the district court, see MacArthur v. San Juan County, 495 F.3d 1157, 1161 (10th Cir. 2007).

**IV.   Conclusion**

For these reasons, we AFFIRM the district court's decisions dismissing both of Zapata's complaints with prejudice under 28 U.S.C. § 1915(e). Further,

Zapata's motions filed with this court seeking to amend his complaints are DENIED.

The mandates shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge