**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAWN LEE ALLRED,

      Plaintiff-Appellant,

    v.

STEPHEN McCAUGHEY, Attorney,
and Office Associates,

      Defendants-Appellees.

No. 07-4045

(D. of Utah)

(D.C. No. 2:06-CV-00600-PGC)

## ORDER AND JUDGMENT[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Shawn Lee Allred appeals the district court's order dismissing his pro se civil rights action against his defense attorney Stephen McCaughey. McCaughey was appointed by the United States District Court for the District of Utah to represent Allred in his criminal case before the federal district court.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Because a court-appointed attorney is not a state or federal officer for the purposes of a 42 U.S.C. § 1983 or *Bivens* action, we AFFIRM the lower court's order.

## I. Background

Allred was convicted of four counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and two counts of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d)(3). The district court sentenced Allred to 188 months, and he appealed the sentence.

While his appeal was pending, Allred filed a § 1983 claim against his attorney, alleging ineffective assistance of counsel. The district court dismissed the complaint sua sponte for failure to state a claim. For substantially the same reason, the court also denied Allred's motion to change venue, reopen case, and to appoint counsel. Allred now appeals the district court's order.

## II. Discussion

We review de novo the lower court's decision to dismiss Allred's complaint. *See Trujillo v. Williams*, 465 F.3d 1210, 1215 (10th Cir. 2006). Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), a district court may dismiss a prisoner's civil action sua sponte "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones*

*v. Bock*, 127 S. Ct. 910, 920 (2007).  We liberally construe a pro se plaintiff's

pleadings.  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Section 1983 creates a remedy to redress a deprivation of a federally

protected right by a person acting under color of *state* law.  It does not apply,

however, to a person acting under color of *federal* law.  *Bivens v. Six Unknown

Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 398 n.1 (1971) (Harlan,

J., concurring); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984).  Because

McCaughey was appointed by a federal court, an action cannot be brought under

§ 1983.  *Haley*, 751 F.2d at 285.

But even if Allred's pleadings are liberally construed to assert a *Bivens*

action, the district court properly dismissed his claim.  To raise a *Bivens* claim,

Allred must show that McCaughey was a federal officer acting under color of

federal law.  *Bivens*, 403 U.S. at 389.  We have recognized that a private attorney,

appointed by a state court, is not a state actor for the purposes of § 1983.

*Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *cf.

Zapata v. Public Defenders Office*, Nos. 06-2334, 07-2031, 2007 WL 3104864, at

*2 (10th Cir. Oct. 24, 2007) ("Although a public defender may be paid with state

funds, she acts independent of the state's authority, and instead exercises her

independent judgment in representing a criminal defendant.").  "By analogy, an

attorney appointed by a federal court is not a federal officer for purposes of a

*Bivens*-type action."  *Haley*, 751 F.2d at 285; *see also Weaver v. Frick*, No.

-3-

98-15362, 1999 WL 191413, at *1 (9th Cir. Mar. 15, 1999) ("[A]n attorney appointed by the court does not act under color of state or federal law when performing the traditional functions of counsel to a criminal defendant."); *Anderson v. Sonenberg*, Nos. 96-5192, 96-5308, 1997 WL 196359, at *1 (D.C. Cir. Mar. 13, 1997) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens*."); *Bradford v. Shankman*, No. 85-5150, 1985 WL 13659, at *1 (6th Cir. Aug. 12, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *cf. Davis v. United States*, No. CIV-06-1376-C, 2007 WL 983206, at *6 (W.D. Okla. Mar. 29, 2007) (holding a federal public defender is not a federal officer for purposes of a *Bivens*-type action). Because McCaughey is not a federal officer, Allred's *Bivens* claim fails.

We might also liberally construe Allred's complaint as asserting a malpractice action under state law. Such a claim, however, would not implicate the federal courts' federal-question jurisdiction. *See* 28 U.S.C. § 1331. Because Allred and McCaughey are both Utah citizens, a state-law malpractice action would also not implicate the federal courts' diversity jurisdiction. *See* 28 U.S.C. § 1332. Therefore, the district court would lack jurisdiction to consider such a claim.

### III. Conclusion

Accordingly, the district court's order is AFFIRMED.  We also GRANT Allred's motion to proceed without prepayment of the appellate filing fees. Allred is obligated to continue making partial payments until all fees have been paid.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge