FILED
United States Court of Appeals
Tenth Circuit

May 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEVI MCRAE LUGINBYHL
HAWKINS,

  Plaintiff−Appellant,

v.

UNITED STATES OF AMERICA; U.S.
DEPARTMENT OF JUSTICE; CLAIRE
V. EAGAN; ASSISTANT U.S.
ATTORNEYS OFFICE; ASSISTANT
U.S. PUBLIC DEFENDERS; TIMOTHY
L. FAERBER; FRED L. STAGGS;
SHANNON MICHELLE MCMURRAY;
JOHN DOE; JANE DOE; TULSA
POLICE DEPARTMENT; WILLIAM
DIXON LUNN, JR.; U.S. ALCOHOL
TOBACCO & FIREARMS,

  Defendants−Appellees.

No. 12-5001
(D.C. No. 4:11-CV-00744-TCK-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

_____

 * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

––––––––––––––––––––––––––

Levi McRae Luginbyhl Hawkins appeals the dismissal of his 42 U.S.C. § 1983 suit against various individuals and entities involved in a criminal case against him. We have jurisdiction under 28 U.S.C. § 1291 and dismiss the appeal.

Hawkins was convicted in federal court for being a felon in possession of an unregistered firearm. A panel of this court affirmed his convictions on appeal. United States v. Luginbyhl, 321 F. App'x 780 (10th Cir. 2009) (unpublished).

In the present suit, Hawkins named many defendants: the United States; the U.S. Department of Justice; the U.S. Attorney's Office; the U.S. Public Defender's Office; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; U.S. District Court Judge Claire Eagan; an unnamed Magistrate Judge; Assistant U.S. Attorney Timothy Faerber; several court-appointed defense attorneys; and the Tulsa Police Department. The district court dismissed Hawkins' complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Hawkins has not raised any coherent claim of error by the district court, and our independent review reveals no errors in the district court's reasoning. Claims against the United States and federal agencies are barred by sovereign immunity unless waived. Aviles v. Lutz, 887 F.2d 1046, 1048 (10th Cir. 1989), disapproved on other grounds Gutierrez De Martinez v. Lamagno, 515 U.S. 417, 423 n.3 (1995). Hawkins has not identified any applicable waiver. Because his claims against the judges and the prosecutor arise out of their roles in his criminal conviction, they are barred by absolute

judicial and prosecutorial immunity, respectively.  Hunt v. Bennett, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  His complaint against the private attorneys fails because a private attorney does not act under color of state law under § 1983 or as a federal agent for purposes of a claim asserted under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994); Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984).  Moreover, claims under § 1983 based on allegedly unconstitutional conduct in a criminal proceeding that, if meritorious, would undermine an extant conviction cannot be maintained.  Heck v. Humphrey, 512 U.S. 477, 486 (1994).

We **DISMISS** the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Hawkins is reminded to make partial payments toward the filing fee until it is paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge