**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WADE LAY,

        Plaintiff - Appellant,

v.

SUSAN OTTO, Federal Public
Defender; RANDY BAUMAN,
Supervisor FPD; PATTI GHEZZI,
Lead Counsel FPD; SARAH
JERNIGAN, Co-Counsel FPD; ANNA
WRIGHT, Investigator FPD;
SUSANNA GATTONI, Attorney,

        Defendants - Appellees.

No. 13-6056

(W.D. Oklahoma)

(D.C. No. 5:12-CV-00888-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Plaintiff Wade Lay, proceeding pro se, appeals the dismissal with prejudice

of his civil-rights lawsuit under 42 U.S.C. § 1983 because it was frivolous. *See*

28 U.S.C. §1915(e)(2)(B)(i). Because the district court lacked subject-matter

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction over this suit, we vacate its dismissal on the merits and remand the case with directions to dismiss the action without prejudice.

## I. BACKGROUND

Lay was convicted in Oklahoma state court of murder and attempted robbery with a firearm and sentenced to death. His conviction and sentence were affirmed on appeal in February 2008. *See Lay v. State*, 179 P.3d 615 (Okla. Crim. App. 2008). That October he filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. The court appointed three lawyers to represent him: Patti Ghezzi and Sarah Jernigan of the federal public defender's office, and Susanna Gattoni of an Oklahoma law firm. Upset by his attorneys' request for an evaluation of his competency, Lay complained to the district court about their performance, but to no avail.

While the § 2254 action was still pending, Lay filed this lawsuit under 42 U.S.C. § 1983 in August 2012 in the United States District Court for the Western District of Oklahoma against Ghezzi, Jernigan, and Gattoni; two supervisors at the federal public defender's office, Randy Bauman and Susan Otto; and an investigator at the office, Anna Wright (Defendants). His amended complaint alleged, among other things, that Defendants (1) "distort[ed] . . . the facts of the case" and "mischaracterize[d] [Lay] to other professional associates (psychologist, attorneys, etc.)," R. at 32; (2) used "lies, deception, manipulation

and sexual seduction . . . to deceive and distract" Lay, *id.*; (3) committed "sexual misconduct with other inmates," *id.*; (4) failed "to abide by numerous ABA guidelines," *id.*; (5) made "fraudulent filings" in the habeas proceeding, *id.*; (6) ignored Lay's complaints to them about their performance; (7) "conspir[ed] with ill-intent to discredit [Lay] with false claims of mental illness," *id.* at 33; and (8) withheld the results of his mental evaluation.

The magistrate judge issued a report and recommendation (R&R) recommending dismissal of Lay's lawsuit as frivolous. The R&R explained (1) that Lay could not bring a claim under 42 U.S.C. § 1983 against Defendants because they were not state actors; (2) that even if his lawsuit was liberally construed to bring claims against federal actors under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Defendants were not federal actors; and (3) that Lay had failed to identify unconstitutional conduct. The district court adopted the R&R and dismissed the lawsuit with prejudice.

On appeal Lay, besides addressing the merits of his claims, also asserts that the district court withheld documents to protect Defendants, altered the docket sheet to make it appear that Lay filed documents without leave of court, provided a "distorted" summary of the events in his habeas case, Aplt. Br. at 10, and collaborated with Defendants. Additionally, he complains that Defendants chose

-3-

not to pursue various arguments that he made in a pro se brief and failed to "exercise due diligence." *Id.* at 18.

## II.    DISCUSSION

We conclude that the district court lacked jurisdiction over Lay's lawsuit. The existence of subject-matter jurisdiction is a threshold inquiry that must precede any merits-based determination. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  If the district court lacked jurisdiction, it had no authority to rule on the merits of Lay's claims by dismissing his § 1983 claims with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").  If the district court lacked subject-matter jurisdiction, our jurisdiction on appeal is limited to "correcting the error of the lower court in entertaining the suit." *Steel Co.*, 523 U.S. at 95 (internal quotation marks omitted).

Although Lay claimed to bring a lawsuit under § 1983, he has not alleged facts showing that Defendants acted under color of state law.  This element is "a jurisdictional requisite for a § 1983 action." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981).  Defendants worked for the federal public defender (or were appointed by the district court to work with the public defender), and § 1983 is "applicable only to actions by state and local entities, not by the federal

-4-

government." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

Moreover, even state public defenders do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty.*, 454 U.S. at 325. Neither Lay's numerous objections to the R&R, nor his arguments on appeal, say anything to cure this jurisdictional defect (for example, by alleging that Defendants "engaged in a conspiracy with state actors," *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994)). Therefore, Lay's § 1983 claim did not support the district court's exercise of federal jurisdiction over the lawsuit.[1]

Accordingly, we must remand the case with directions to the district court to dismiss Lay's lawsuit "without prejudice" for lack of subject-matter jurisdiction. We do not address any nonjurisdictional issues.

III.   CONCLUSION

---

[1] Lay filed a proposed second amended complaint bringing his allegations under *Bivens*. Under *Bivens*, Lay must plead and prove that Defendants were federal agents acting under color of federal law. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). The magistrate judge struck the pleading because Lay never sought leave to file it and, in the alternative, because the amendments would be futile since "a public defender does not act under color of federal law in performing . . . as a lawyer to an indigent defendant" in a federal proceeding. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982); *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("[A]n attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action.").

We VACATE the judgment of the district court and REMAND with directions to dismiss this lawsuit without prejudice for lack of subject-matter jurisdiction.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge