**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2021*
Decided June 2, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1595

| | |
|---|---|
| CHARLES PETRUNAK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-03525-RLY-MJD |
| JILL A. KROFTA, et al., *Defendants-Appellees.* | Richard L. Young, *Judge.* |

**O R D E R**

Plaintiff Charles Petrunak was a federally licensed pyrotechnician until, on the recommendation of two government inspectors, his licenses were revoked, causing him to lose his fireworks business. Over a decade later, a jury found Petrunak guilty of tax crimes related to $500,000 in supposed business losses that he ascribed to the inspectors. After his release from prison, Petrunak sued the inspectors and his defense attorney for constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*Narcotics*, 403 U.S. 388 (1971). The district court granted the defendants' motions to dismiss, concluding that several counts were time-barred, and the rest were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Petrunak's conviction remained intact. We affirm with respect to the agents and dismiss with respect to the defense attorney, because he is now deceased and we decline to substitute a successor in interest to defend claims that are frivolous.

According to Petrunak's amended complaint, the factual allegations of which we accept as true, *Cheli v. Taylorville Cmty. Sch. Dist.*, 986 F.3d 1035, 1038 (7th Cir. 2021), in 2001, Jill Krofta and Manuel Vicario of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) recommended revocation of his pyrotechnics licenses after they inspected his fireworks business. The inspection revealed a semi-trailer full of illegal fireworks on Petrunak's property. At a June 2003 hearing on the proposed revocation, Petrunak said that, before the inspection, he had contacted the ATF to explain that he had procured the fireworks for a show that was cancelled at the last minute, leaving him with explosives that he could not lawfully dispose of. Both Krofta and Vicario testified in line with their inspection report, which stated that they found the illegally stored fireworks "by happenstance." The administrative law judge relied on the inspectors' allegedly false testimony in her decision to revoke his licenses.

That decision caused Petrunak to lose his fireworks business. About five years later, Petrunak determined that he should deduct his lost income—which he calculated to be $500,000—from his tax liability. Blaming Krofta and Vicario for his losses, he adopted a creative but frivolous and ultimately fraudulent form of self-help: he prepared and delivered to each an IRS Form 1099, essentially reporting that his company had paid each of them $250,000. *See United States v. Petrunak*, 856 F.3d 484, 485 (7th Cir. 2017). He then claimed the $500,000 as business expenses on his corporate and personal tax returns. *See id*.

Based on these filings, Petrunak was indicted for tax fraud. Attorney Kevin McShane represented Petrunak, and the case proceeded to trial in 2015. A jury found Petrunak guilty, and the court sentenced him to two years in prison and one year of supervision. We affirmed the convictions and sentence. *Petrunak*, 856 F.3d at 487.

Petrunak then moved to vacate his sentence under 28 U.S.C. § 2255, arguing that McShane provided ineffective assistance of counsel by mounting a defense based on Petrunak's confusion over his tax liabilities instead of establishing that the ATF inspectors were lying. The district court denied relief, concluding that McShane's

choices were strategic and defensible. *Petrunak v. United States*, No. 1:17-cv-04396-WTL-DLP, 2019 WL 6458244, at *5 (S.D. Ind. Feb. 1, 2019). We denied a certificate of appealability. *Petrunak v. United States*, No. 19-1582 (7th Cir. Mar. 31, 2020).

After his release from prison, Petrunak sued Krofta and Vicario under *Bivens* for conspiring to commit perjury at the 2003 administrative hearing and the 2015 criminal trial in violation of his right to due process under the Fifth Amendment. He also sued McShane for refusing to question the inspectors about their supposed perjury at his trial, in violation of his Sixth Amendment right to effective assistance of counsel.

The district court, accepting the recommendation of a magistrate judge, granted the defendants' motions to dismiss. It determined that the claims against Krofta and Vicario about their testimony at the 2003 administrative hearing were untimely and dismissed them with prejudice. The court dismissed the remaining counts without prejudice. It concluded that claims against the agents regarding their alleged perjury at the criminal trial and the ineffective-assistance claim against McShane, were barred under *Heck* because Petrunak's conviction had not been overturned.

After Petrunak filed a notice of appeal, the district court sua sponte amended the judgment as to McShane. There was a "simpler reason[] than originally articulated by the Magistrate Judge and adopted by this court," the court reasoned, to dismiss the ineffective-assistance claim: "a *Bivens* action cannot be maintained against appointed federal defenders because they do not act under the color of law and a civil rights action cannot be used to challenge a criminal conviction." So, it modified the judgment to reflect a dismissal of the claim against McShane with prejudice.

We begin with two preliminary issues, the first of which is a jurisdictional question we asked the parties to brief: whether the modified judgment is before us on appeal. It is not. A district court lacks jurisdiction to substantively alter its judgment while an appeal is pending because a timely filed notice of appeal transfers the jurisdiction over judgments to the court of appeals. *See United States v. Brown*, 732 F.3d 781, 783 (7th Cir. 2013). Modifying a judgment from a dismissal without prejudice under *Heck* to a dismissal with prejudice on different grounds enlarges the rights of the appellee. *Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003). Thus, the modified judgment had no effect. *Brown*, 732 F.3d at 787. (Federal Rule of Civil Procedure 62.1 provides a path for a district court that believes a judgment pending on appeal should be modified, but that path was not used here.)

Second, there is some question about whether Petrunak's constitutional claims are cognizable under *Bivens*. *Bivens* allows for some Fifth Amendment due-process claims, *see Davis v. Passman*, 442 U.S. 228 (1979) (sex discrimination), but the Supreme Court has not yet declared Sixth Amendment violations actionable under *Bivens*. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (creating new *Bivens* action is a "'disfavored' judicial activity"). We need not decide this issue because Petrunak's complaint does not state any plausible claim for relief on the merits.

Turning to the merits, Petrunak first argues that the district court should have concluded that Krofta and Vicario are equitably estopped from enforcing the statute of limitations because they threatened him in 2001 with criminal proceedings if he contested their actions. Equitable estoppel tolls the limitations period if the defendant takes actions designed to prevent the plaintiff from suing in time. *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018). Petrunak has alleged no affirmative action by the inspectors that prevented him from timely suing over their testimony at the 2003 hearing. Any threats in 2001 could not have been designed to prevent Petrunak from suing over testimony Krofta and Vicario did not give until the hearing two years later.

As for the claims that Krofta and Vicario conspired to lie at his criminal trial, Petrunak argues generally that the district court erred by concluding that *Heck*'s favorable-termination rule applied to his case. The *Heck* doctrine bars a *Bivens* claim that necessarily implies the invalidity of a criminal conviction unless the plaintiff can show that the conviction has been invalidated. *Heck*, 512 U.S. at 486–87; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (holding *Heck* bar applies to *Bivens* claims). Petrunak's claims—that but for Krofta and Vicario's false testimony, he would not have been convicted of the tax crimes—present a direct challenge to the validity of his conviction. Because Petrunak's conviction has never been reversed—indeed, similar arguments failed on appeal and under 28 U.S.C. § 2255—*Heck* bars those claims.

That leaves Petrunak's claims against attorney McShane. On the day the district court dismissed the complaint, but before it entered judgment, the defendants filed what was apparently meant to function as a notice of McShane's death: a copy of a document substituting another defense attorney for McShane in Indiana state court, citing his death as the reason. Weeks later, the court nonetheless entered judgment for the defendants including McShane, who therefore became a party to this appeal. In May 2020, when McShane's civil attorney withdrew from representing him in this appeal, we directed Petrunak to ask McShane's attorney surrogate whom to name if he wished to move to substitute a new appellee under Federal Rule of Appellate Procedure 43(a)(1).

Petrunak responded in January 2021, when he moved for further instructions, making clear that he wished to make a substitution but could not get a clear answer from the attorney surrogate regarding whom to substitute. We construed the request for instructions as a suggestion of death under Rule 43(a)(1) and said that we would take up the substitution issue with the merits.

Although it is well beyond the 90 days for a substitution of party based on death, *see* FED. R. APP. P. 43(a); FED. R. CIV. P. 25(a), we do not fault Petrunak for not following protocol given the confusing nature of the proceedings on this issue. Petrunak should have been looking for a personal representative, but instead was told to track down the lawyer standing in for McShane in his capacity as an attorney. It would be unfair to dismiss the appeal based on the failure to make a timely substitution when Petrunak has been diligent in his efforts to untangle the issue, which can be tricky for licensed attorneys, particularly if no estate has been opened with a personal representative.

Nevertheless, the better course is to dismiss the appeal against McShane. Petrunak has not found the proper representative, but the identity of the prospective substitute appellee makes no difference in the end. Even if Petrunak had timely moved to substitute an appropriate representative of McShane's, we would have denied it. *See Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (decision whether to substitute parties lies within court's discretion). Petrunak's purported *Bivens* claim against McShane for ineffective assistance is frivolous for several reasons. First, the claim is based on McShane's failure to impeach the agents' testimony at his trial leading to his criminal conviction and is thus barred by *Heck*. In addition, as the district court explained, a civil-rights suit cannot be used to challenge a criminal conviction, *see Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973), and a defense attorney in federal court is not a government actor when defending a client and is not amenable to suit under *Bivens*. *See Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (public defender in state court does not act under color of state law for purposes of 42 U.S.C. § 1983 when defending client); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (applying *Polk County* to *Bivens* claim against federal defense attorney); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (same). No matter the timing, there would be no point in putting the parties and others to the trouble of tracking down or even forcing appointment of a personal representative for McShane's estate to file an appellate brief opposing these frivolous claims. We therefore deny permission to substitute and DISMISS the appeal as to McShane.

In all other respects, we AFFIRM.