In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-3077

AHAMAD R. ATKINS,

*Plaintiff-Appellant*,

*v.*

J. PHIL GILBERT, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:21-cv-489-DWD — **David W. Dugan**, *Judge*.

SUBMITTED OCTOBER 25, 2022[*] — DECIDED OCTOBER 28, 2022

Before SYKES, *Chief Judge*, and WOOD and BRENNAN, *Circuit Judges*.

PER CURIAM. Ahamad Atkins, a federal inmate, sued federal judges, the prosecutor, his court-appointed attorneys, a

---

[*]The appellees were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

federal court reporter, and the United States for, in his view, mishandling his criminal trial. At screening, the district judge correctly dismissed the claims against all defendants as frivolous; we thus affirm.

Atkins pleaded guilty to federal drug crimes in 2014, and after unsuccessfully challenging his conviction and sentence, he sued federal employees connected to his prosecution. He alleged that the district and magistrate judges committed errors; the prosecutor did not identify herself when talking to Atkins during the case and did not respond to his motion for compassionate release; the court reporter "invaded" his transcripts; and his court-appointed attorneys were ineffective. Atkins also sued the United States but did not state any allegations against it.

The district judge screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed it with prejudice as frivolous. He ruled that the judges and the prosecutor were absolutely immune from civil suit. The judge dismissed the claims against the remaining federal employees as well, construing them as based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Atkins's claim against the court reporter failed because it did not arise under the Fourth, Fifth, or Eighth Amendment and therefore fell outside of the *Bivens* theory now recognized by the Supreme Court. *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Sixth Amendment claims against the federally appointed defense attorneys failed for the same reason that state-appointed defense attorneys are not amenable to such claims. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The United States, the judge also ruled, is not a proper defendant in a *Bivens* suit. Finally, the judge explained that, if those grounds for dismissal were

invalid, he would alternatively dismiss all claims under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because Atkins's criminal conviction is intact.

Atkins has appealed, but he does not engage with the district judge's decision except to argue that, in his criminal case, neither the judge nor the prosecutor replied to his motion for compassionate release. We are mindful of Atkins's pro se status, *see Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), but he is still required to comply with Rule 28(a) of the Federal Rules of Appellate Procedure and include an argument explaining why the district judge's decision was incorrect. *Cole v. Comm'r*, 637 F.3d 767, 772–73 (7th Cir. 2011). We could dismiss his appeal for failing to comply with this rule. *Id.* at 773. Still, we prefer to decide cases on the merits when we can, *Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 924 (7th Cir. 2015), and it is possible to do so here.

The district judge correctly dismissed the suit with prejudice. All the acts that Atkins attributes to the judges (erroneous rulings and an alleged failure to decide a compassionate-release motion) and prosecutor (communication and disregard of the same motion) occurred in the criminal case and fell within their roles as judge or prosecutor. Thus, they are absolutely immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).[1] The dismissal of claims against the court reporter for "invasion" of his transcript (by which we assume he means wrongly transcribing his trial) was likewise proper. The

---

[1] As an aside, we note that the record reflects that the judge addressed Atkins's motion for release by denying it in October 2020, and the clerk mailed notice of the ruling to the warden of his prison the next day.

Supreme Court has not implied a *Bivens*-style constitutional claim against federal officials for transcription errors. *See Ziglar*, 137 S. Ct. at 1859, 1865. Given that an alternate remedy to cure transcript inaccuracies is available—through the district court or on appeal, *see* FED. R. APP. P. 10(e)—we will not imply a civil damages remedy.

The district judge also properly dismissed the remaining claims. The federal defense attorneys cannot be defendants in a *Bivens* suit because they did not act under color of law. *See Polk County*, 454 U.S. at 325; *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (applying *Polk County* to *Bivens* claim against federal defense attorney); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (same). Finally, the judge rightly dismissed claims against the United States because it too is not suable in a *Bivens* action. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006).

We end with the matter of strikes. As the judge told Atkins, he incurred a "strike" under 28 U.S.C. § 1915(g) for filing a frivolous suit. He has incurred another "strike" for filing this frivolous appeal. We are mindful that Atkins is concerned that the word "frivolous" denigrates what he genuinely believes is his good faith effort to seek legal recourse. Describing his claims as frivolous does not impugn Atkins's honesty but acknowledges that established precedent forecloses those claims. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Atkins should be aware, though, that persistence in filing frivolous claims or appeals can invite sanctions from the court. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED